**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BENTON CAMBRIDGE,**<br><br>**Plaintiff**<br><br>**v.**<br><br>**ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,**<br><br>**Defendant** | **CIVIL ACTION**<br><br>No. 2:20-CV-01900-MMB |

**MEMORANDUM RE: DEFENDANT'S MOTION TO DISMISS**

**Baylson, J.**                                                                                                                **July 17, 2020**

**I.      Introduction**

In June 2019, Benton Cambridge ("Plaintiff") was involved in a motor vehicle collision with an underinsured motorist.  At the time of the collision, Plaintiff's vehicle was covered by an insurance policy issued by Allstate Fire and Casualty Insurance Company ("Defendant").  The policy included underinsured motorist coverage.  Plaintiff has filed a claim against Defendant for benefits allegedly owed to Plaintiff under the policy.  Plaintiff seeks damages in excess of $75,000.

Presently before this Court is Defendant's Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1).  For the reasons set forth below, Defendant's Motion to Dismiss is DENIED.

**II.     Factual Allegations**

The factual background is drawn from the allegations in the Complaint.  The Court takes the facts alleged by Plaintiff as true and construes them in his favor, as is required at the motion to dismiss stage.  Phillips v. Cty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).

1

On June 23, 2019, Plaintiff was driving his motor vehicle on Rodman Street in Philadelphia, Pennsylvania when he was involved in a motor vehicle collision with a vehicle that was being negligently operated by Xena L. Pironti ("tortfeasor"). (ECF 1, Compl. ¶¶ 5-8.) The collision was the direct result of tortfeasor's negligence and not the result of any action or failure to act by Plaintiff. (Compl. ¶ 9.)

As a consequence of the collision, Plaintiff suffered severe physical injuries, permanent disfigurement, and serious impairment of bodily function. (Compl. ¶ 12.) He also received emotional injuries. (Compl. ¶ 14.) Due to his injuries, Plaintiff experienced great anguish, sickness, and agony and suffered a substantial loss of earnings. (Compl. ¶¶ 13, 15.) Plaintiff may continue to experience physical and emotional pain and a reduced earning capacity in the future. (Compl. ¶¶ 13, 15.)

The tortfeasor's motor vehicle insurance policy is insufficient to fully compensate Plaintiff for his injuries and related expenses. (Compl. ¶ 16.) However, at the time of the collision, Plaintiff's vehicle was covered by an insurance policy issued by Defendant under Policy Number 998448700. (Compl. ¶ 17.) The policy included underinsured motorist coverage. (Compl. ¶ 17.) Plaintiff seeks recovery of underinsured motorist benefits under the policy. (Compl. ¶ 18.)

**III.   Procedural History**

Plaintiff filed a Complaint against the Defendant in this Court on April 14, 2020. (ECF 1.) On April 14, 2020, Plaintiff also filed a separate Complaint against the tortfeasor in the Philadelphia County Court of Common Pleas. (ECF 4-2.) On June 17, 2020, Defendant moved to dismiss Plaintiff's Complaint in this Court pursuant to Rule 12(b)(1). (ECF 4.) Plaintiff responded in opposition on June 29, 2020. (ECF 5.)

**IV.     Legal Standard**

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court must first determine whether the Defendant alleges a facial or factual deficiency. CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008). A facial attack "concerns 'an alleged pleading deficiency,' whereas a factual attack concerns 'the actual failure of a plaintiff's claim to comport factually with the jurisdictional prerequisites.' " Id. (quoting U.S. ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007)). A facial attack looks to whether "the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court." Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006) (quoting Turicentro, S.A. v. Am. Airlines Inc., 303 F.3d 293, 300 (3d Cir. 2002)). Conversely, a factual attack looks to whether the court "in fact lacks subject matter jurisdiction, no matter what the complaint alleges." NE Hub Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 n.7 (3d Cir. 2001) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).

In this case, Defendant presents a facial challenge because Defendant's Motion "concerns an alleged pleading deficiency." When addressing a facial challenge, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." In re Schering Plough Corp., 678 F.3d 235, 243 (3d Cir. 2012) (quoting Gould Elec. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000)).

**V.      Parties' Contentions**

    **A.     Defendant's Motion to Dismiss**

Defendant contends that Plaintiff's Complaint must be dismissed because this Court lacks

subject matter jurisdiction.  (ECF 4, Motion to Dismiss at 2.)[1]  Defendant's argument rests on the fact that Plaintiff has filed a separate claim against tortfeasor in state court.  (Id. at 3.)  Since the outcome of Plaintiff's claim against tortfeasor in state court has not yet been decided, Defendant asserts that Plaintiff's claim against Defendant in this Court is not ripe for disposition.  (Id.)

To support its argument, Defendant points to language within Plaintiff's insurance policy.  (Id.)  Specifically, Defendant references a section concerning the payment of underinsured claims which provides:

> "We [Allstate] are not obligated to make any payment for bodily injury under this coverage which arises out of the use of an underinsured auto until after the limits of liability for all motor vehicle liability protection in effect and applicable at the time of the accident have been exhausted by judgments or settlements."  (Id.)

Defendant also cites to one decision from the United States District Court for the District of Nevada, Malone v. State Farm Mut. Ins. Co., No. 2:17-CV-1568 JCM, 2017 WL 5180420 (D. Nev. Nov. 8, 2017).  (Id. at 5-6.)  Malone held that a plaintiff's underinsured motorist claim against her insurance company was not ripe for adjudication because the plaintiff had a separate negligence action pending against her tortfeasor in state court.  (Id.)

**B.**   **Plaintiff's Response**

Plaintiff responds that § 1332(a) grants federal courts original subject matter jurisdiction over any civil action in which the amount in controversy exceeds $75,000 and in which complete diversity exists between the parties.  (ECF 5, Opposition at 4.)[2]  Plaintiff maintains that this

---

[1] ECF 4 contains three submissions: 1) Defendant's Proposed Order, 2) Defendant's Motion to Dismiss, and 3) Defendant's Memorandum in Support of its Motion to Dismiss.  When citing to the documents contained in ECF 4, this Court will use the page numbers generated by the federal judiciary's electronic case filing system.
[2] ECF 5 contains two submissions: 1) Plaintiff's Response and 2) Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss.  When citing to the documents contained in ECF 5, this Court will use the page numbers generated by the federal judiciary's electronic case filing system.

Court has jurisdiction over his Complaint because Plaintiff is a citizen of the Commonwealth of Pennsylvania, Defendant is a corporate entity that is a citizen of Illinois, and Plaintiff seeks damages in excess of §75,000.  (Id.)

While Plaintiff acknowledges that his insurance policy states that Defendant is not obligated to make any payments to Plaintiff until after Plaintiff's claims against tortfeasors have been exhausted, Plaintiff argues that such a provision has no bearing on this Court's subject matter jurisdiction.  (Id. at 2.)  Furthermore, Plaintiff contends that his insurance policy does not supersede Pennsylvania law which clearly permits both an underlying third-party negligence matter and a separate underinsured motorist claim to be brought simultaneously in two different courts.  (Id. at 2-3).  According to Plaintiff, actual exhaustion of underlying coverage is not required to make an underinsured motorist claim against an insurance provider as long as the provider receives credit for any underlying limits that may be available to a third-party tortfeasor.  (Id. at 5).

## VI.   Discussion

### A.   Diversity Jurisdiction is Established

Plaintiff contends that this Court has diversity jurisdiction over his Complaint. Section 1332 grants district courts diversity jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  Section 1332 requires complete diversity, meaning that "no plaintiff may be a citizen of the same state as any defendant."  Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 104 (3d Cir. 2015) (citing Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010)).

Because Plaintiff's allegations are taken as true, Plaintiff has properly invoked this Court's diversity jurisdiction.  Plaintiff, Benton Cambridge, is a citizen of Pennsylvania.

5

(Compl. ¶ 1.) Defendant, Allstate Fire and Casualty Insurance Company, is a citizen of Illinois because Defendant is a corporate entity with its principal place of business in Illinois. (Compl. ¶ 2.) Complete diversity is thus established. Plaintiff demands damages in excess of $75,000. (Compl. ¶ 18.)

### B.  Pennsylvania Law Applies

Since this Court is sitting in diversity, the Court applies Pennsylvania state law. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state."); Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 262 (3d Cir. 2011) ("A federal court sitting in diversity must apply state substantive law . . . ."). In the absence of authoritative guidance from the Supreme Court of Pennsylvania, the Court looks to "decisions of [Pennsylvania] intermediate appellate courts, of federal courts interpreting [Pennsylvania's] law, and of other state supreme courts that have addressed the issue . . . ." Spence v. ESAB Grp., Inc., 623 F.3d 212, 216 (3d Cir. 2010).

### C.  Defendant's Motion to Dismiss Fails

In Pennsylvania, the leading case in this area is Boyle v. Erie Ins. Co., 656 A.2d 941 (Pa. Super. Ct. 1995). In Boyle, the Pennsylvania Superior Court held that an insured may settle a claim against a third-party tortfeasor for less than the tortfeasor's policy limits, but that "the [insured's] underinsured motorist carrier [is] entitled to compute its payment to [the] injured insured[] as though the tortfeasor's policy limits had been paid." Id. at 943. Pennsylvania courts have applied Boyle to mean that a plaintiff can pursue an underinsured motorist claim against an underinsured motorist carrier while a tort suit is pending against a third-party tortfeasor so long as credit is given to the carrier for the full amount of the tortfeasor's liability coverage. See e.g.,

Krakower v. Nationwide Mut. Ins. Co., 790 A.2d 1039, 1041 (Pa. Super. Ct. 2001) (holding that arbitrators did not err in proceeding with UIM arbitration while plaintiff's tort action against a third-party tortfeasor was pending because full credit was given to the plaintiff's insurance carrier for tortfeasor's liability insurance coverage); Harper v. Providence Washington Ins. Co., 753 A.2d 282, 285 (Pa. Super. Ct. 2000) (ruling that an insurer was not prejudiced by the arbitration panel's refusal to postpone UIM arbitration until after plaintiff's third-party tort action concluded as the insurer was given full credit for the third-party's liability policy limits).

Although controlling Pennsylvania case law clearly permits both an underlying third-party negligence action and a separate underinsured motorist claim to coexist in separate courts, Defendant maintains that Plaintiff's underinsured motorist claim is unripe for adjudication because Plaintiff currently has a third-party negligence action pending in state court. Defendant references an exhaustion clause in Plaintiff's insurance policy to support its argument. However, the Pennsylvania Superior Court has repeatedly held that plaintiffs may pursue underinsured motorist claims against insurance carriers while third-party tort suits are pending despite the existence of contractual exhaustion provisions. See Krakower, 790 A.2d at 1040-1041; Harper, 753 A.2d at 284-285. Defendant fails to explain why its exhaustion clause with Plaintiff should be treated any differently than other carriers' exhaustion clauses which contain nearly identical language.

Furthermore, Defendant fails to demonstrate why this Court should follow the Nevada Federal District Court's reasoning in Malone. Malone lacks precedential value and directly contravenes established Pennsylvania law. This Court declines to adopt Malone's ruling.

**VII.   Conclusion**

For the foregoing reasons, Defendant's Motion to Dismiss is denied.

An appropriate order follows.

O:\CIVIL 20\20-1900 Cambridge v. Allstate Fire\20cv1900 Memorandum re Defendant's Motion to Dismiss.docx